Valliquette v. McMahon.

*Affirmed in part and reversed in part and remanded.*

---

## Dorothea Valliquette
### v.
## Anna McMahon.

*Slander—Malicious Prosecution—Evidence.*

In an action for slander and malicious prosecution, conversations between a constable and the plaintiff in the absence of the defendant are inadmissible.

[Opinion filed February 13, 1889.]

Appeal from the Superior Court of Cook County; the Hon. Joseph E. Gary, Judge, presiding.

Mr. John Lyle King, for appellant.

Messrs. Brandt & Hoffmann, for appellee.

GARNETT, P. J. This is an action for slander and malicious prosecution brought by appellee against appellant. Verdict for $1,000 was rendered against appellant, and judgment given thereon. Of the several errors assigned as grounds for reversal, we think none are tenable except that complaining of the improper admission of evidence in behalf of appellee. The trial court permitted, over the objection of appellant, to be given in evidence a conversation between strangers to the action, imputing an attempt on the part of the appellant to procure testimony against appellee by means of bribery. In a case of this character, it is of the utmost importance the defendant should stand fairly before the jury, and such evidence could not fail to be hurtful.

Evidence was also admitted as to conversations between several parties preceding the taking of the property, which was the basis of the arrest of appellee, and another conversation between the constable and appellee, the appellant being absent on both occasions. This evidence was not admissible, and though the objections thereto were not properly saved by appellant, we deem it prudent to say that on another trial evidence of these matters should be excluded.

What was said by the party taking the property at the time it was taken, may be. admitted as a part of the *res gestæ*. What preceded that was simply idle gossip calculated to reflect upon appellant and has no proper place in the case. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

GARY, J., took no part in the decision of this case.